OPINION. Smith, Judge: Petitioner contends that the taxes which it paid to the Mexican Government under the statute “Ley del Impuesto sobre la Renta” were income taxes for which it is entitled to a credit under section 131 of the Revenue Acts of 1936 and 1938. It so signified in its return. Section 131, which is the same in both the 1936 and 1938 acts, reads in material part as follows: SEC. 131. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES. (a) Allowance of Credit. — If the taxpayer signifies in Ms return Ms desire to have the benefits of this section, the tax imposed by this title shall be credited with: (1) Citizen and domestic corporation. — In the case of a citizen of the United State's and of a domestic corporation, the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States; * * * The respondent’s contention is that the amounts in question were not paid as income taxes within the meaning of section 131 above but as excise taxes for which a deduction from gross income is allowable under section 23 (c). The respondent relies strongly upon Keasbey & Mattison Co. v. Rothensies (C. C. A., 3d Cir.), 133 Fed. (2d) 894. That case involved a tax paid to the Province of Quebec, Dominion of Canada, under the Quebec Mining Act. The court held that the tax was not an income tax but an excise tax imposed upon the privilege of mining, although measured by the gross value of the output. The court found upon considering the statute under which the tax was levied in its entirety, and applying the criteria of our own laws (see Biddle v. Commissioner, 302 U. S. 573), that: * * * The substantive elements of the tax under consideration conform, not to the recognized criteria of an income tax* but, to the accepted standards of an excise tax. Necessarily our question here must be determined upon a consideration of the particular statute under which the Mexican tax was levied. It is apparent from the context of that statute, a translation of which is set out above, that the tax was intended as an income tax, according to the concepts of its creators. For instance, it is provided in article 1 that: The following are liable for payment of income tax: ******* II. — Foreigners domiciled in the Republic or abroad whose income or profits are derived from sources of. wealth within national territory * * * Article 26 brings within the range of the tax taxpayers who receive “participations, either in the form of rentals- or otherwise, from the exploitation of the subsoil.” Article 27 provides that “Income included under Section I of the preceding article shall be computed in its entirety” and refers to “The tax payable on the total yearly income of the taxpayer.” (Emphasis supplied.) Thus, we have a tax which is repeatedly referred to in the levying statute as an income tax and which is computed on the basis of the petitioner’s gross revenue from its mining properties. Although the method of determining the tax does not conform strictly to that by which income taxes are computed under our own laws, we do not think that that determines the nature of the tax. The respondent argues that since the income upon which the tax was computed was the gross amount due the petitioner under its contract with El Potosi rather than the net income from that source as it would be computed under our own laws, the tax was imposed on the “privilege of receiving rentals or royalties” rather than on income. A similar contention of the respondent’s was rejected in Seatrain Lines, Inc., 46 B. T. A. 1076, where we held, on facts no more favorable to the taxpayer than those in the instant case, that a tax imposed by the Republic of Cuba on gross income obtained for freight and passengers shipped in national ports of Cuba was an income tax rather than an excise tax as the Commissioner contended. We pointed out in that case, citing Deputy v. duPont, 308 U. S. 488, and New Colonial Ice Co. v. Helvering, 292 U. S. 435, that the allowance of deductions from gross income in computing an income tax is a matter of legislative grace and that it is within the province of Congress to impose an income tax upon gross income under the Sixteenth Amendment to the Constitution. See also Havana Electric Railway, Light & Power Co., 34 B. T. A. 782, and Herbert Ide Keen, 15 B. T. A. 1243. Actually, however, some of the expenses of producing the income due the petitioner, upon which the 10 percent tax under consideration was paid, including a production tax paid to the Mexican Government, were deducted by El Potosi. We are of the opinion that the taxes which the petitioner paid to the Mexican Government under the statute “Ley del Impuesto sobre la Renta” were income taxes and that petitioner is entitled to a credit under section 131 in 1937 and 1938. Decision will be entered wnder Buie 50.